# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | Civil No 15-8215 (RBK/JS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BARRY H. GERTSMAN, | : | |
| | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This case arises from a debt owed by The Market at Ashbourne, Inc., which was guaranteed by Defendant Barry H. Gertsman ("Defendant" or "Gertsman"). Presently before the Court is Gertman's Motion to Dismiss ("Defendant's Motion") [Dkt. No. 3]. For the reasons that follow, Defendant's Motion will be **DENIED**.

## I.        FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The matter of what the Court may properly consider in this motion to dismiss is directly at issue here. As discussed in Section III.B, *infra*, the Court will consider certain documents outside of the complaint in reaching a decision on Defendant's Motion. Thus, the Court recites the facts as informed by those additional documents discussed in Section III.B, *infra*, as well as the facts alleged in the Complaint [Dkt. No. 1] and the Certificate of Indebtedness (the "COI") (attached to the Complaint as [Dkt. No. 1-1]).

On or about June 5, 2000 the U.S. Small Business Administration (the "SBA") made a loan in the amount of $423,000.00 to Ashbourne 4 Properties, LLC (the "Borrower"), operated by The Market at Ashbourne, Inc. (the "Operator") through the 504 Loan Program. (Note (Gov't

Ex. A [Dkt. No. 17-2]) at 1.)  The loan was evidenced by a promissory note made by the Borrower to DelVal Business Finance Corp. ("DelVal"), a Certified Development Company (a "CDC").  (*See* Note.)  As indicated by the Note, the interest rate, monthly payment, and monthly principal and interest installment amount were left blank.  (*See* Note at 1–2.)  As further indicated in the Note, the blank terms were to be filled in later and be binding on the Borrower as if completed prior to signing.  (*See* Note ¶ 12.B.)  On the same day, Borrower and DelVal entered into the Servicing Agreement (Gov't Ex. B [Dkt. No. 17-3]) which set forth the fees, interest rates, and other terms contemplated by the Note.  (*See* Servicing Agreement.)  Also on that same day, Gertsman guaranteed the loan.  (*See* Guarantee (Gov't Ex. C [Dkt. No. 17-4]).)  The Note and Guarantee were assigned to the SBA on or about June 21, 2000.  (*See* Assignment (Gov't Ex. D [Dkt. No. 17-5]).)

On November 24, 2009, DelVal on behalf of itself and the SBA sent a letter to Gertsman advising him that, as a guarantor of the loan, "the loan is in extreme default; real estate taxes are delinquent; insurances have lapsed; Chapter 11 bankruptcy filing was dismissed; and alleged Sales Agreement has expired."  (Nov. 24, 2009 Letter (Gov't Ex. E [Dkt. No. 17-6] and Def. Ex. B).)  The letter further explained that DelVal and the SBA "are commencing collecting proceedings against the guarantors, including you, for full payment of the 504 loan balance." (*Id.*)

Ultimately, only a portion of the loan was repaid, such that as of November 18, 2015, the amount of principal remaining was $314,790.27.  (Compl ¶ 2; COI at 2–3.)  Additionally, interest had accrued in the additional amount of $161,513.47.  (Compl. ¶ 4a; COI at 2–3.)  Thus, the total amount due on the loan as of November 18, 2015 was $476,303.74, with interest accruing at a rate of $63.98 per day.  (*Id.*)  A letter was sent to Gertsman by the SBA on

November 18, 2015 informing him of this, and stating that the SBA again demanded payment in full.  (COI at 3.)

   The Government then filed suit to recover the unpaid money on November 23, 2015 against both Gertsman and the Operator.  (*See generally* Compl.)  The defendants made the instant motion on January 19, 2016 as a pre-answer motion to dismiss under Rule 12(b)(6).  (*See generally* Def.'s Mot.)  On March 22, 2016, this Court on consent of counsel for the Government and the Operator dismissed claims against the Operator with prejudice, leaving Gertsman as the sole defendant and the sole movant.  (*See* Stipulation and Consent Order (Mar. 22, 2016) [Dkt. No. 10].)  The Government filed its opposition on June 21, 2016 after multiple consented-to extensions, (*see* Gov't Opp. [Dkt. No. 17]), and Gertsman filed no reply.  As the Government is the plaintiff in this civil action for breach of contract, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1345.

## II.   LEGAL STANDARD

   Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to

offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).  Yet, while "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678–79.

To make this determination, a court conducts a three-part analysis.  *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  *Id.* (quoting *Iqbal*, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  *Id.*  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible.  *Id.*

## III.   DISCUSSION

The parties have two disputes here:  (1) what documents the Court may consider other than the Complaint and its attachments at this procedural posture; and (2) whether Gertsman successfully argues a statute of limitations defense.  The dispute centers around the operation of the so-called "Third Circuit Rule" and the "integral documents exception."  Gertsman has not raised the issue of whether the Complaint otherwise states a claim for breach of contract.

### A.      The "Third Circuit Rule"

Typically, a statute of limitations defense may only be raised as an affirmative defense in an answer, and not in a pre-answer motion to dismiss.  *See* Fed. R. Civ. P. 8(c), 12(b).  However, in this Circuit, the so-called "Third Circuit Rule" permits a defendant to make a statute of limitations argument in a Rule 12(b)(6) motion, but only "when the defense is 'apparent on the face of the complaint' and documents relied on in the complaint."  *Bohus v. Restaurant.com, Inc.*, 784 F.3d 918, 923 n.2 (3d Cir. 2015) (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)); *see also Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

Dismissal is appropriate under the Third Circuit Rule "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  *Schmidt*, 770 F.3d at 249 (quoting *Robinson*, 313 F.3d at 135) (internal quotation marks omitted).  "However, 'if the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'"  *Id.* (quoting *Robinson*, 313 F.3d at 135) (internal quotation marks and alterations omitted).

With this in mind, the Court turns to what it may properly consider in evaluating Defendant's Motion.

### B.      Documents Outside the Complaint

In support of their arguments, both Gertsman and the Government have relied on documents outside the pleadings.  It is well settled in this Circuit that when deciding a Rule 12(b)(6) motion to dismiss, the Court will "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Guidotti v. Legal Helpers Debt*

*Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting *Mayer v. Belichick*, 605 F.3d 223,

230 (3d Cir. 2010)) (internal quotations omitted).  However, as explained by the Third Circuit:

> [A]n exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.  The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where the plaintiff has actual notice and has relied upon these documents in framing the complaint.  What is critical is whether the claims in the complaint are "based" on an extrinsic document and not merely whether the extrinsic document was explicitly cited.

*Schmidt*, 770 F.3d at 249 (internal quotations and modifications omitted).  The Third Circuit

further explained in *Schmidt* that "the justification for the integral documents exception is that it

is not unfair to hold a plaintiff accountable for the contents of documents it must have used in

framing its complaint, nor should a plaintiff be able to evade accountability for such documents

simply by not attaching them to his complaint."  *Id.* at 250 (citing *In re Burlington Coat Factory*

*Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

        The determination of whether or not extrinsic documents are integral to a complaint is an

issue that has often addressed by courts within this District.  There are three typical cases where

this becomes important:  (1) the plaintiff, alleging some variety of mortgage dispute, fails to

attach the note and the mortgage secured by plaintiff's property, *see, e.g.*, *Martinez v. Capital*

*One Fin. Corp.*, Civ. No. 15-266 (JLL/JAD), 2016 WL 3129621, at *1 & n.3 (D.N.J. June 2,

2016); (2) the plaintiff arguing about ERISA benefits fails to attach the pertinent plan

documents, *see, e.g.*, *Lewis-Burroughs v. Prudential Ins. Co. of Am.*, Civ. No. 14-1632 (KM),

2015 WL 1969299, at *4 (D.N.J. Apr. 30, 2015); and (3) the plaintiff fails to attach a contract to

its complaint when alleging breach of the contract, *see, e.g.*, *Freightmaster USA, LLC v. Fedex,*

*Inc.*, Civ. No. 14-3229 (KSH/CLW), 2015 WL 1472665, at *1 & n.2 (D.N.J. Mar. 31, 2015).

As another judge has noted, "letters, an attorney's notes of a phone call, [and] a cancelled check [were] too far afield" to be considered on a Rule 12(b)(6) motion. *Steiner v. Cigna Life Ins. Co. of N.Y.*, Civ. No. 15-391 (KM), 2016 WL 916687, at *1 (D.N.J. Mar. 10, 2016). However, the court in *Steiner* recognized that "a contract or a securities prospectus (even if not attached to the complaint), where the action is one for breach of that contract or a false statement in that prospectus" would be considered. *Id.* The Third Circuit has also ruled that a declaration explaining the distinction between two parties that forms the basis for a motion to dismiss is "the very declaration that [the court] must ignore in ruling on [defendant]'s 12(b)(6) motion." *Davis v. Wells Fargo*, --- F.3d ---, 2016 WL 3033938, at *12 (3d Cir. May 27, 2016).

Here, Gertsman has attached three documents to his motion:  (1) an invoice dated May 27, 2015;[1] (2) a letter dated November 24, 2009 to confirm that the loan is in extreme default; and (3) a letter sent from the SBA to a Congressman confirming that the loan was referred to the Treasury Department for collection and offset.  (*See* Def.'s Mot. at Exs. A–C.)  Gertsman provides no affidavit or sworn declaration attesting to the veracity of these documents, merely attaching them to his motion.  The Government attaches (1) the Note; (2) the Servicing Agreement; (3) the Guarantee; (4) the Assignment; (5) the same November 24, 2009 letter attached by Gertsman; and (6) the November 18, 2015 letter that is included in the COI attached to the complaint.  (*See* Gov't Exs. A–F.)  These documents are all attested to be true and correct copies by Mr. R. Wayne Vickery, a Loan Specialist at the SBA.  (*See* Vickery Decl. [Dkt. No. 17-1].)

Gertsman puts forth no argument regarding why the documents he attaches should be considered integral to the complaint.  (*See* Defs.' Mot.)  He merely attaches the documents to the

---

[1] Gertsman purports that this invoice is dated March 1, 2009.  (Def.'s Mot. at 3.)

motion, and proceeds to make arguments based on those documents.  The Government argues

that the Court should not consider the documents because "[f]urther discovery is needed to

ascertain the veracity of these exhibits and the validity of the assertions made in the Motion."

(Gov't Opp. at 7.)

The Court finds instructive a decision from another judge in this District, where the court

held in a breach of contract case that "[t]he contracts underlying the claims, which are attached

to the defendant's papers, are properly considered, but the proofs of payment surpass what I, in

my discretion, am willing to consider on a motion to dismiss."  *China Falcon Flying Ltd. v.*

*Dassault Falcon Jet Corp.*, Civ. No. 15-6210 (KM), 2016 WL 1394437, at *1 (D.N.J. Apr. 8,

2016).  The Court applies the same discretion here.  The documents submitted by Gertsman are,

first and foremost, unattested to and unauthenticated, with the exception of the November 24,

2009 letter that the Government has attached to its reply.  Additionally, the other two documents

are not integral to the claim, and are not what the Court in its discretion considers proper on a

motion to dismiss.

The Court will consider the documents submitted by the Government, as they generally

constitute the contract upon which the entire breach of contract claim is predicated or are

attached to the Complaint, with the exception of the November 24, 2009 letter.  With respect to

the November 24, 2009 letter, the policy underlying the "integral documents exception"—that

the Court must be concerned about prejudice to the plaintiff—is not implicated when it is the

plaintiff who has submitted the document.  It is even less implicated when both parties have

submitted the document and agree that it should be considered in the analysis of the motion.

Therefore, the Court rejects the additional documents submitted by Gertsman and accepts

the additional documents submitted by the Government in addressing Gertsman's arguments.

Considering the record as set forth in Section I, *supra*, the Court now turns to the merits of Defendant's Motion.

### C.    Statute of Limitations Defense

As mentioned above, in the Third Circuit, the so-called "Third Circuit Rule" permits a defendant to raise a statute of limitations defense in a Rule 12(b)(6) motion.  *See Robinson*, 313 F.3d at 135.  The sole issue raised by Gertsman is whether or not the Government has let the limitations period provided by 28 U.S.C. § 2145(a) expire.  Section 2415(a) generally provides that:

> [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later.

28 U.S.C. § 2415(a).  The statute further provides that "in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment."  *Id.*  It is well-settled that § 2415(a) applies to actions on behalf of the SBA.  *See United States ex rel. Small Bus. Admin. v. Richardson*, 889 F.2d 37, 39 (3d Cir. 1989).  Section 2145(a) contemplates two different limitations periods, with the Government having the benefit of the later in time of the two periods.  The Court discusses each in turn.

### 1.    Six-Year Limitations Period

In order to decide a statute of limitations defense, the Court must determine when the cause of action accrued.  Gertsman here argues that the cause of action accrued on the date of

default, which according to Gertsman was March 1, 2009.  (Def.'s Mot. at 4, 9.)[2]  Thus, Gertsman argues that the complaint needed to be filed by March 1, 2015.  (*See id.*)  The Government responds that the cause of action actually accrued on November 24, 2009, the date on which the immediate demand for payment was made.  (Gov't Opp. at 8.)  As such, the Government submits that the limitations period ran through November 24, 2015 making the Complaint filed on November 23, 2015 timely.  (*Id.*)

The Third Circuit has held that in determining when a cause of action accrues under § 2415(a), "[a]pplication of the general rules on accrual will comport with the congressional intent of uniformity and prompt disposition of claims."  *Fed. Deposit Ins. Corp. v. Hinkson*, 848 F.2d 432, 435 (3d Cir. 1988).  As another judge in this District has determined, "[i]t is well settled that a cause of action on a guaranty accrues at the time when the creditor exercises its option under the acceleration clause of the guaranty agreement."  *United States ex rel. Small Bus. Admin. v. DelGuercio*, 818 F. Supp. 725, 728 (D.N.J. 1993) (citations omitted).  "Therefore, the action accrues when the creditor exercises its option under the acceleration clause by demanding immediate payment."  *Id.*

As noted by the Government, the SBA here is acting pursuant to an acceleration clause contained within the Guarantee.  (Gov't Opp. at 11.)  The Guarantee states that the "Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor." (Guarantee ¶ 1.)  Thus, the cause of action accrued when the written demand for payment in full

---

[2] Defendant's Motion consists of both the actual motion and the motion brief in the same document.  However, the pages as submitted are out of order, with a table of contents at the end. Further, the motion is not paginated, although the motion brief is.  With this in mind, the Court cites to the page numbers assigned by the CM/ECF system, and refers to both documents collectively as "Defendant's Motion."  The Court further notes that the motion and the motion brief are essentially the same, and make the same arguments.

was made.  At this procedural juncture, the record before the Court shows that full payment was not demanded until November 24, 2009.  (*See* Nov. 24, 2009 Letter at 1 (indicating that DelVal and the SBA "are commencing collection proceedings against the guarantors, including you, for *full payment* of the 504 loan balance") (emphasis added).)  Thus, for the purposes of this motion, the limitations period is as stated by the Government, and did not run until November 24, 2015, the day *after* the Complaint was filed.[3]

### 2.      One-Year Limitations Period

Section 2415(a) also provides that there is a one-year limitations period that runs from any "final decisions have been rendered in applicable administrative proceedings required by contract or law."  Gertsman argues that when the loan was referred to the Treasury Department for collection on September 16, 2011, that was the equivalent of a final agency decision that should trigger the one-year limitations period.  (Def.'s Mot. at 4, 9.)  The Government responds that there is no evidence of an administrative proceeding in this matter, and that referral to the Treasury Department is not a final agency decision.  (Gov't Opp. at 12–13.)

Without deciding the merits of this argument, even if Gertsman were correct, because the Government is entitled to the later of the two limitations periods under the statute, the one-year limitations period is irrelevant.

Accordingly, Defendant's Motion will be denied as to his statute of limitations defense.  Pursuant to Rule 12(a)(4)(A), Gertsman's Answer to the Complaint will be due within fourteen (14) days of the order accompanying this opinion.

---

[3] It may come out in discovery that there was an earlier demand for full payment.  If that is indeed the case, Gertsman may again raise his limitations defense on summary judgment.

11

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion will be DENIED, and Gertsman must answer the Complaint within fourteen (14) days.  An appropriate order accompanies this opinion.


Date:  August  _4th_ , 2016


                                       _s/ Robert B. Kugler_
                                      ROBERT B. KUGLER, U.S.D.J.